# NO. 12-20-00047-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | § | |
|---|---|---|
| *IN RE:* | § | *ORIGINAL PROCEEDING* |
| *THE STATE OF TEXAS* | § | |
| | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

On February 14, 2020, Relator, The State of Texas, filed a motion for emergency relief and a petition for writ of prohibition seeking an order from this Court to prohibit Respondent, the Honorable Jeffrey Lee Fletcher, Judge of the 402nd Judicial District Court in Wood County, Texas, from conducting a hearing scheduled for February 18, 2020. Relators attached an email from Respondent to Relators dated February 7. In the email, Respondent notified Relator that the hearing was to determine the reason for "an increase in the number of writs filed by defendants in custody for ninety days or more without having been indicted."[1] In his email, Respondent stated that he suspected that "[E]ither law enforcement does not have the investigative file ready on a timely basis" or "the case sits without attention from a prosecutor after submission by law enforcement" or "a combination of the two."

We granted an emergency stay of the proceedings and requested a response from Respondent and any real parties in interest.[2] In his response, Respondent restated much of what

---

[1] Subject to certain exceptions, a defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within 90 days from the commencement of his detention if he is accused of a felony. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151 Sec. 1(1) (West 2015).

[2] This Court is aware of no specific real parties in interest.

was contained in his email and relayed that he cancelled the hearing and "no other hearings have been rescheduled," and that "[t]he [c]ourt will address this issue on a case by case going forward."

This Court, having considered the petition for writ of prohibition and the response, concludes that this matter has been rendered moot because Respondent cancelled the complained-of hearing and, consequently, a justiciable controversy no longer exists between the parties. *See In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings...."); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought). Accordingly, the Court *lifts* the stay previously imposed by this Court and *dismisses* this cause as moot. *See* TEX. R. APP. P. 52.8(a).

Opinion delivered April 8, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 8, 2020**

**NO. 12-20-00047-CR**

**THE STATE OF TEXAS,**
Relator

v.

**THE HONORABLE JEFFREY LEE FLETCHER,**
Respondent

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. )

ON THIS DAY came to be heard the petition for writ of prohibition filed by the State of Texas; who is the relator in appellate cause number 12-20-00047-CV. Said petition for writ of prohibition having been filed herein on February 14, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of prohibition be, and the same is, hereby **dismissed as moot**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*